(Reap. Dec. 10797)

HOUSEHOLD MFG. CO.
GLOBE SHIPPING CO., INC. } *v.* UNITED STATES

Entry No. 1047614, etc.

(Decided August 19, 1964)

*Stein & Shostak* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeals for reappraisement enumerated on the attached Schedule A, attached hereto and made a part hereof, consists of kitchen sets, fry pans, etc.

2. That at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, ex factory.

3. That the merchandise and issues involved herein are similar in all material respects to those in *Household Mfg. Co.* v. *United States*, 49 Cust. Ct. 482, Reap. Dec. 10393 and that the records in said cases may be incorporated with the record herein.

4. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

5. That the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule A is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that the said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

6. That the appeals for reappraisement enumerated in the attached Schedule A may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here in question and that such values for the merchandise covered by the involved appeals are the invoiced unit values, ex-factory.

Judgment will issue accordingly.